## No. 8094.

### STATE OF LOUISIANA VS. JACKSON BRUCE.

Evidence is admissible of an offer to compromise made by the accused, and of the reply thereto from the prosecuting witness, when the accused was not induced by threats or promises to make the offer.

The voluntary declaration made by the accused before the committing magistrate, is admissible against him on his trial for larceny.

APPEAL from the Ninth Judicial District Court, parish of Tensas. *Hough*, J.

*Hiram R. Steele*, District Attorney, and *J. C. Egan*, Attorney General, for the State.

*Halsey & Newell*, for Defendant and Appellant.

The opinion of the Court was delivered by

TODD, J. The defendant was convicted of larceny, sentenced to one year's imprisonment at hard labor in the Penitentiary, and from this sentence has appealed.

The errors assigned are presented in two bills of exceptions, as follows:

1. That the court *a qua* erred in admitting the testimony of one Wyatt Hawkins, the prosecuting witness, to the effect that the accused offered him (the witness) sixty dollars to compromise the matter and the reply of the witness to such proposition.

2. That the court erred in admitting in evidence the voluntary declaration of the accused, made before the committing magistrate.

State of Louisiana vs. Bruce.

First. It appears from the bill of exception on the first point, that the proposition to compromise was made by the accused to the witness. It is not shown nor charged that any threat was made or inducement offered to the accused by the witness or any one else to induce the pro-position for a compromise and the confession that might be implied therefrom, but that the proposition was voluntarily made, and that the statement of the witness in relation thereto, which was also objected to, was a mere reply to the offer of the accused, and for this reason was admitted.

The rule upon the subject of the admissibility of declarations of the accused, made with a view to a compromise, is thus laid down by Wharton:

" Difficult questions may arise where there is reason to believe that the confession was made with the hope of compromise, or of obtaining a lighter sentence. To exclude such confessions arbitrarily, would exclude almost all confessions. To work an exclusion *there must be shown a causal connection between an authoritative promise and the confession.* If this be not shown, the confession is admissible."

We think this rule the correct one; and when we apply the rule to the testimony complained of, we discover that it was clearly admissible. So far from the offer of the accused to compromise being caused by any promise, it appears to have been made by the accused as an independent proposition, announced at the beginning of the conversation had with the witness, and before he had spoken to the accused on the subject. Nor do we see any objection to the admission of the reply made by the witness to the offer of the accused. It was properly allowed.

Second. The objection to the admissibility of the voluntary statement of the accused, made before the committing magistrate, was, that the magistrate was not authorized to receive such declarations by the terms of article 1010 of the Revised Statutes, where the party stood charged with an offense that might subject him to capital punishment or imprisonment in the Penitentiary.

By the article in question jurisdiction was conferred on justices of the peace, as committing magistrates, in certain cases, with authority to make a preliminary examination, as to the guilt of the party brought before them, and to summon and swear witnesses, and to receive the voluntary statement or declaration of the accused for that purpose. Article 126 of the Constitution of 1879 did not abrogate this statutory provision. On the contrary, it enlarged the authority of the justices of the peace as committing magistrates by extending their jurisdiction to all cases not capital and not necessarily punishable with imprisonment in the Penitentiary, which would embrace the case at bar.

We have not been assisted in our examination of this case by an oral argument or brief from the defendant's counsel. We have, however, diligently examined the record, and carefully considered every question pertaining to the regularity of the proceedings and the legality of the sentence, and find no error therein.

It is, therefore, ordered that the judgment and sentence appealed from be affirmed with costs.

Levy, J., absent.