## No. 9124.

### DOYLE v. THE PEOPLE.

1. CRIMINAL LAW—*Verdict—Effect.* A verdict of guilty raises a presumption that everything necessary to a conviction was established by the evidence.
2. —— *Information—Objections to,* not challenged until after verdict will not be considered on error.
3. JURY—*Challenge to the Array.*—Information for the Sale of Intoxicating Liquors. That the sheriff sent the prosecuting witness to the establishment of the accused, to make the purchase, giving him money for the purpose, is no ground of challenge to the array.
4. —— *Summoning.* Most statutes for summoning juries are, as to the process provided, merely directory. Strict compliance therewith is not required.
The method prescribed by the statute for securing a jury is not exclusive.
5. —— *Open Venire.* In the absence of a showing to the contrary it is assumed that the facts authorizing the court's action existed.
6. —— *Challenge.* An accused person who makes no peremptory challenge cannot on error brought, complain of the manner in which the jury was summoned.

*Error to Routt County Court, Hon. Charles E. Herrick, Judge.*

Mr. O. N. HILTON, Mr. CAESAR A. ROBERTS, and Mr. LESLIE M. ROBERTS, for plaintiff in error.

Mr. LESLIE E. HUBBARD, Attorney General, Mr. CHARLES ROACH, Assistant Attorney General, for The People.

Mr. Justice Scott delivered the opinion of the court.

The plaintiff in error was convicted upon a charge specifically set forth in the information as follows: "That William Doyle, late of the County of Routt and State of Colorado, on or about the 26th day of February, in the year of our Lord One Thousand Nine Hundred and Sixteen, at and within the county aforesaid, did then and there unlawfully sell and keep for sale, intoxicating liquors, to-wit, whiskey."

It is urged there that the information is insufficient in that it does not allege the name of the purchaser of the liquor. It is also insisted that the information charges two offenses in the same count, i. e., unlawful selling, and keeping for sale. These alleged infirmities in the information were in no manner presented on the trial, and the pleading was not challenged until after the verdict was returned. This was too late, and these alleged errors will not be considered. Sec. 1956 Rev. Stat. 1908.

It is uniformly held that at common law, the verdict cures some things, and the rule is the same in criminal and civil cases. It is as though a matter of either form or substance is omitted from the allegation, or alleged imperfectly, yet if under the pleadings, the proof of it was essential to the finding, it must be presumed after verdict to have been proved, and the party cannot now for the first time object to what has wrought him no harm. Vol. 2 Sec. 707 Bishop's New Criminal Evidence.

The defendant filed his motion in challenge of the array. This motion was overruled and the ruling is assigned as error. The grounds for this motion were that the sheriff of the county employed the prosecuting witness to go to Oak Creek, where defendant resided and paid his expenses, and that the said witness used some of the money to purchase liquor from the defendant, and that the sheriff served the special venire. This is not a sufficient ground upon which to support a challenge to the array. If the sheriff was for any reason disqualified by prejudice or otherwise, the defendant should have sought in the proper way to disqualify him.

It is further set forth in the motion that the jurors were not served with summons until within five days of the sitting.

Statutes as to the time for issuing process for the summoning jurors are ordinarily held to be merely directory, and a failure strictly to comply therewith is not a material irregularity. But in this case the objection was to a special venire, and in the absence of an affirmative showing to the contrary we must assume the contingencies existed, which authorized the court to cause it to be summoned by open venire. *Giano v. The People,* 30 Colo. 20, 69 Pac. 504.

Whenever the court needs more jurors it has the power, under the statute to either draw them from the box or summon them by open venire. The stautory method is not exclusive. *Mitsunaga v. The People,* 54 Colo. 102, 129 Pac. 241. Beside, in this case it does not appear that the defendant exercised all, or even one of his peremptory challenges and therefore cannot be held to be prejudiced.

Finding no prejudicial error the judgment is affirmed.

Hill, C. J., and Garrigues, J., concur.