# No. 12,560.

## ADAMS *v.* THE PEOPLE.

(285 Pac. 1102)

Decided March 10, 1930.

Mr. L. F. CRAWFORD, for plaintiff in error.

Mr. ROBERT E. WINBOURN, Attorney General, Mr. E. J. PLUNKETT, Assistant, for the people.

*In Department.*

MR. JUSTICE ALTER delivered the opinion of the court.

J. M. ADAMS, plaintiff in error, hereinafter referred to as defendant, was found guilty of a second violation of the intoxicating liquor laws of the state of Colorado, and sentenced to a term in the state penitentiary. To review the judgment of the court, he prosecutes this writ, assigning twelve errors which may be classified as follows: (1) Excluding evidence relative to the witness Culbertson; (2) denial of motion for a directed verdict; (3) refusal to give requested instruction.

The evidence on behalf of the people was, that, on the morning of August 23, 1929, two federal prohibition agents went to Otis, Colorado, for the purpose of apprehending those violating the intoxicating liquor laws in that vicinity; that upon their arrival at Otis the agents went to a pool hall and had some conversation with a person there from whom they had previously purchased intoxicating liquors, but, upon being told by this person that he had no liquor, they were directed to the defendant, who was sitting on a bench outside the place. The person from whom the officers had previously purchased

liquor, introduced the officers to the defendant, who, upon officers' inquiry for liquor, consented to sell them a quart. The officers and the defendant then went to the defendant's residence, and there, through a trapdoor in the ceiling, the defendant procured a quart of intoxicating liquor, which he sold to them.

The defendant did not testify in his own behalf, but produced a number of witnesses to testify that he was at another place at the time the officers testified the purchase was made, and also produced evidence to the effect that on account of some injury which he had received many years before, it would have been impossible for him to have raised his arms as high as the trapdoor in the ceiling, through which he obtained the liquor, as testified to by the officers. The defendant also attempted to introduce evidence affecting the credibility of one of the officers, but, upon objection by the district attorney, this evidence was not admitted.

1. The general character of the excluded evidence of which the defendant complains can best be given by reference to that evidence. Counsel for the defendant, in his cross-examination of the witness Culbertson, who was a federal prohibition officer, asked him if he had not been divorced; how long he had been a stool pigeon; if he was not a guest at a certain hotel the night of a certain robbery, and did not suddenly vacate his room immediately after the robbery occurred; if he had not been a bootlegger, and if he had not sold or attempted to sell liquor at a certain dance, and if he had not stolen an overcoat from a certain man at a certain place, and failed to make restitution. Such questions were wholly irrelevant, incompetent and immaterial. They were asked for the evident purpose of embarrassment, and tended to interject collateral issues. The conduct of counsel in so interrogating, or attempting to interrogate a witness should have received severe censure of the trial court, and, if necessary to prevent a repetition, counsel should have been dealt with for contempt of court. Such con-

duct upon the part of a counsel is absolutely inexcusable. Witnesses are entitled to courteous treatment at the hands of counsel, and this can and should be exacted by courts, so that no witness need fear insult under the guise of cross-examination.

■ ■ Counsel for defendant sought to attack the reputation of the witness Culbertson for truth and veracity, and, for that purpose, interrogated a witness by the name of Mott. The witness had testified that he had known the witness Culbertson for a number of years, and, was then asked: "Q. Do you know what his reputation is in this country for truth and veracity?" An objection was interposed, and sustained by the court, although the court in sustaining the objection assigned the wrong reason therefor. The question was not a proper one, and the court's ruling was right, and therefore its reason was immaterial. The question was not properly stated, and the proper foundation for it had not been laid. We do not deem it necessary to cite authorities upon a point so well understood by the legal profession.

■ 2. The motion for a directed verdict does not appear in the record although it discloses that the court overruled such a motion, to which the defendant noted an exception. Unless this motion and the grounds therefore appear in the record there is nothing for this court to review.

■ 3. Error is assigned upon the refusal of the court to give defendant's requested instruction No. 1, as follows:

"That the witness J. H. Denny and Clyde Culbertson claim they participated in the commission of the crime charged against the defendant in this case should be considered by the jury in determining the credibility of their testimony. The testimony of these two witnesses for the people should be considered by you with great caution, and before you can find the defendant guilty of the crime charged against him their testimony must be clear and

convincing and must show beyond a reasonable doubt that the defendant sold the intoxicating liquor to these witnesses. Uncorroborated testimony of witnesses who claim to have participated in the commission of a crime or who aid, abet or procure the commission of the crime charged, is to be regarded with suspicion."

This requested instruction is based upon the false assumption that when officers purchase liquor to be used as evidence, from one unlawfully engaged in that business, they thereby become accomplices. In the case of *Moynahan v. People*, 63 Colo. 433, 435, 167 Pac. 1175, this court cited with approval the following language from *People v. Coffey*, 161 Cal. 433, 119 Pac. 901: "This, then, is the true test and rule: If in any crime the participation of an individual has been criminally corrupt he is an accomplice. If it has not been criminally corrupt he is not an accomplice. * * * Where the act requires the co-operation of two persons, and their co-operation is criminally corrupt, the relationship of accomplice is at once established."

To hold that an officer engaged in the enforcement of the intoxicating liquor laws became an accomplice by reason of purchasing liquor from a violator, to be used as evidence in his prosecution, would be to put additional and unnecessary impediments in the way of those charged with the enforcement of these laws.

Complaint is made that the verdict is contrary to the evidence, and for the purpose of determining this question, we have examined the entire record with care. The evidence is clear and convincing, and the jurors would have been derelict in their duty and unmindful of their oaths had they not promptly returned a verdict of guilty. The record is free of prejudicial error, and the judgment is accordingly affirmed.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE ADAMS and MR. JUSTICE CAMPBELL concur.