R. WINSTON CARTER *v*. THE STATE.

(*Nashville,* December Term, 1930.)

Opinion filed January 17, 1931.

Galloway & Weinstein, for plaintiff in error.

W. F. Barry, Jr., Assistant Attorney-General, for defendant in error.

Mr. Justice Chambliss delivered the opinion of the Court.

This appeal is from a conviction of involuntary manslaughter, the theory of the State being that an abortion was performed by plaintiff in error which resulted in the death of a married woman. As we find it necessary to reverse the case and remand it for a new trial for an error in procedure, no extended statement of the facts will be made.

A determinative and sharply contested issue was whether or not the woman was with child at the time of the operation, which it was insisted for the defense was performed for a different purpose. The Court first ad-

mitted testimony by the husband of the woman of different relevant statements made by her to him, or in his hearing, on different occasions, in the absence of the defendant, which directly supported the theory of the State as to her condition prior to the operation and the purpose of the surgical treatments she was receiving, or about to receive, from the defendant. Later, becoming convinced of the inadmissibility of this testimony, the trial Judge instructed the jury accordingly. It is urged that a mistrial should have been granted under the facts and circumstances of this case. To this we are constrained to agree.

In a recent case this Court said: ''While in *Irving* v. *State,* 104 Tenn., 132, and in other cases, it is held that such error is cured where the evidence is withdrawn and the jury instructed to disregard same, there is force in the argument of counsel that such withdrawal does not eradicate the impression made upon the minds of the jurors, and this practice is not to be commended. *Where there is doubt as to the guilt of the accused, and the Court can see that such practice might have influenced the jury,* it would not hesitate to reverse the case and remand it for a new trial.'' *Landers* v. *State,* 157 Tenn., 648.

There being no doubt in that case of the guilt of the accused, on the record as a whole, we refused to reverse on the ground noted, but here the situation is otherwise. The record brings this case within the rule set out in the foregoing quotation, particularly the language we have italicized. It is impossible to escape the conviction that the temporary admission of this strongly supporting evidence may have prejudiced the defense.

Other assignments of error are overruled. We find it necessary to discuss one only, in order that the ques-

tion raised may be settled on a new trial. It is urged that it was error to admit evidence of a compromise settlement made by the defendant with the husband of his civil liability. We are of opinion that evidence of such a settlement was admissible as a circumstance bearing on the consciousness of guilt of the accused, to be given such weight as the jury might see fit to give it. The question is one of weight, not competence. Wide latitude is permissible in bringing before the jury statements and conduct of an accused touching his relations to the alleged offense. By the great weight of authority the rule excluding proof of offers of compromise, applicable in civil cases, is not extended to criminal cases. Some Courts hold otherwise, some of these being cited on the brief of counsel, ''but in most jurisdictions it is held that the rule is not applicable in criminal cases and that a voluntary offer of compromise, whether accepted or not, may be received in evidence.'' 16 C. J., p. 635. Many authorities are cited in the notes sustaining this text. Other authorities to the same effect are cited in a note in 16 Ann. Cases, p. 458. The general rule applied in civil litigation is based on grounds of public policy. But, as said in *State* v. *Wideman,* 68 S. C., 119, ''Evidence of an offer to compromise is not inadmissible in a criminal case as opposed to public policy, because the public is not concerned in the private compensation for losses resulting from crime, but rather in the public punishment of crime as an offense against society.''

In *State* v. *Soper,* 16 Me., 293, 33 Am. Dec. 665, this terse statement is made: ''We are not aware that the rule of excluding offers of compromise from being heard in evidence, applies to criminal cases.''

Some of the cases take a distinction in criminal proceedings between a compromise clearly limited to civil liability for the criminal offense, and one that is directed to the criminal liability therefor. Conceding the soundness of this distinction, we are of opinion that the facts may properly be developed on the trial, in order that the jury may judge of the purpose in the minds of the parties; and especially is this true in the instant case, where the written memorandum of compromise, the receipt given by the husband, not only contains no language expressly limiting its scope to civil liability, but refers in terms to the charge of having performed "a criminal operation, . . . for which it is claimed that the said R. Winston Carter is criminally and civilly 'liable," etc.

We think no error was committed in admitting evidence of this settlement, the right being accorded the accused to show by whatever evidence at his command the circumstances and conditions surrounding the making of the compromise and the purpose of the parties.

Reversed and remanded.