..LAND, J.
 

 Defendant was convicted of the charge of receiving stolen goods,, and was sentenced, to imprisonment in the state penitentiary for a term of not less than 16 months nor moré than 24. months.
 

 The errors complained of by defendant on appeal are embodied in two bills of exceptions.
 

 Bill of Exceptions No. 1.
 

 The stolen goods, which defendant is charged with receiving, consisted of an auto wheel and an auto tire, alleged to be the property of Oscar Hess. While this witness was on the stand, he was asked by the district attorney the following question: “How did-you expect to settle that thing for $50.00 after the charge was made?”
 

 Counsel for defendant objected to going into the details of the transaction.
 

 The district attorney then said to the witness: “Did Frank Hutchinson make the proposition on behalf of Steve Benton; or what?"
 

 Counsel for defendant again objected, and the trial judge overruled the objection, stating “that the witness has a right to explain it.”
 

 The witness then answered:
 

 “I do not know that of my own knowledge if he made it in behalf of Mr. Benton, the accused.
 

 “Q. ’ Did Mr. Benton tell you how you could settle it?
 

 “A. He said he thought it was best.”
 

 It is well settled that a voluntary offer of compromise, whether accepted or not, may be received in evidence in criminal cases; such an offer being, in effect, a confession voluntarily made. C. J. vol. 16, p. 635; State v. Bruce, 33 La. Ann. 186; State v. Rodrigues, 45 La. Ann. 1040, 13 So. 802.
 

 It is also provided by article 450 of the Code of Criminal Procedure that “every confession, admission or declaration sought to be
 
 *603
 
 used against any one
 
 must be used in its entirety,
 
 so that the person to be affected thereby may have the benefit of any exculpation or ex-’ planation that
 
 the whole statement
 
 may afford.” (Italics ours.)
 

 We find no error in the ruling made by the judge a quo. ’
 

 Bill of Exceptions No. 2.
 

 This bill was reserved to the action of the trial judge in overruling a motion for a new trial, based upon the following grounds, to wit:
 

 (1) That the verdict of the jury is contrary to the law and the evidence. This contention presents no question of law for review.
 

 (2) That the charge of the court, in regard to the accused taking the stand in his own behalf, is not in accordance with the law or the jurisprudence, “as shown by the charge as dictated to the stenographer and made part hereof.”
 

 The charge in question has not been annexed to the bill. Nor do we find in the transcript any such charge, nor any request for any such charge, nor any objection to such charge and bill reserved, before the jury retired. to deliberate upon their verdict, as required by article 391 of the Code of Criminal Procedure.
 

 Nor has any application been made by defendant to this court, suggesting diminution of record, so as to obtain the proper order for a supplemental transcript including such charge, or any omitted bill of exceptions referred to in the motion for new trial.
 

 Defendant was convicted on March 7, 1931, and his counsel was granted until April 20,1931, to present bills of exceptions. Ample time has been given, and opportunity afforded, for the confection of all bills of exceptions reserved in the case, and we must assume that, if any of these bills had any merit, such bill would have been presented to the court in a supplemental transcript.
 

 3. That the court charged the jury that “if there was
 
 any
 
 doubt” as to the guilt of the accused, they should acquit, whereas the proper and correct law is that “if there is any.
 
 reasonable
 
 doubt they should acquit.”
 

 The charge was rather favorable to the accused, as
 
 “any
 
 doubt” as to his guilt might well include a frivolous or fanciful
 
 one;
 
 while any
 
 “reasonable
 
 doubt” is a serious, substantial doubt, which a sensible man would entertain, from lack of evidence necessary to convict.
 

 The conviction and sentence appealed from are affirmed.