STATE OF FLORIDA, *ex rel.* W. H. BALDWIN and R. E. STAHL v. D. C. COLEMAN, as Sheriff of Dade County, Florida.

3 So. (2nd) 802

En Banc

Opinion Filed September 16, 1941

*Wm. J. Pruitt,* for Relators.

*J. Tom Watson,* Attorney General, *Sidney L. Segall,* Assistant Attorney General, and *Woodrow M. Melvin,* Special Assistant Attorney General, for respondent.

BUFORD, J.—This is an original proceeding in habeas corpus.

Relators being charged with a violation of Chapter 21076, Acts of 1941, procured writ of habeas corpus to test the constitutionality of the Act.

The title of the Act is:

"AN ACT Regulating the Sale of Alcoholic Beverages in Counties having a population of over 265,000 According to the Last State or Federal Census; Defining Certain Terms as Set Forth Herein; Fixing Certain Hours When Alcoholic Beverages may Not Be Sold; Providing Exceptions for Hotels, Package Stores, Restaurants and Night Clubs; Providing for a Penalty for the Violation Hereof; and Repealing all Laws in Conflict Herewith."

The first contention is that the Act is a local and special law applying to Dade County only and that the limitation of the operation of the Act to counties having a population of over 265,000 according to the last State or Federal census is a classification without reason and, therefore, could not be construed as a general law.

It is admitted that Sec. 21 of Article III of the Constitution, as amended at the General Election of 1938, was not complied with in the passage of the Act by the Legislature.

The procedure adopted by the Legislature in the passage of this Act appears to be identical with the procedure followed in the adoption of House Bill No. 200XX, Acts of the Legislature of 1931, which was under consideration by us in the case of Anderson, Jr., v. Board of Public Instruction of Hillsborough Conty, 102 Fla. 695, 136 Sou. 334. In that case we said:

"But even though a Bill is introduced and treated by the Legislature as a general law, if the Bill in truth and in fact is clearly operative as a local or Special Act and the Court can so determine from its obvious purpose or legal effect as gathered from its language or its context, this Court will so regard it and deal with it as a local or Special Act in passing on its validity, regardless of the guise in which it may have been framed and regardless of whether the particular county or locality intended to be affected by it is in terms named or identified in the Act or not. See Jordan v. State *ex rel.* Davis, 129 So. 747, 100 Fla. 494; Stripling v. Thomas, 132 So. 824, 101 Fla. 1015; Whitney v. Hillsborough County, 127 So. 486, 99 Fla. 628."

Aside from the fact that the legislative record shows strong evidence that the Act was considered by the Legislature as a local and Special Law, the contents of the Act lead to a like conclusion.

It is well settled in this jursidiction that the Legislature may classify counties for governmental purposes according to population for the purpose of

enacting general laws and where a proper reasonable classification is made according to population, or otherwise, such Act may be regarded as a general law and not as a Special or local law, although the result is an Act the operation of which is confined to. a single county falling within the population classification. State v. Daniel, 87 Fla. 270, 99 Sou. 804; Smith v. State, 88 Fla. 151, 101 Sou. 350; Anderson, Jr. v. Board of Public Instruction of Hillsborough County, *supra*. But, it is also settled that the classification adopted must be reasonable and not arbitrary. See authorities above cited. Classification must always rest upon a difference which bears some reasonable and just relation to the Act in respect of which the classification is proposed. See Conley v. Union Sewer-Pipe Co., 184 U. S. 540, 22 Sup. Ct. Rep. 431, 46 L. Ed. 679; State v. A.C.L. Ry. Co., 60 Fla. 465, 54 Sou. 394; Anderson, Jr. v. Board of Public Instruction of Hillsborough County, *supra*.

In Hiers v. Mitchell, 95 Fla. 345, 116 Sou. 81, we said:

"When the classification in such a law is called in question, if any state of facts reasonably can be conceived that would sustain it, the existence of that state of facts at the time the law was enacted must be assumed."

Section 2 of the Act provides:

"Section 2. In every county of the State of Florida having a population of more than 265,000, according to the last or any future Federal or State census, no vendor as defined herein shall sell, serve or offer for sale, allowed to be consumed upon the licensed premises, or deliver any alcoholic and/or intoxicating beverages to any person or persons, firms or corpora-

tion; (a) on week days during the months of May, June, July, August, September, October and November of each and every year hereafter between the hours of 2 A. M. and 7 A. M., during the months of December, January, February, March and April of each and every year hereafter between the hours of 3 A. M. and 7 A. M. and (b) intoxicating beverages on Sundays between the hours of 5 A. M. and 10 P. M. Provided, however, such hours shall not be applicable under the following exceptions:"

The defendants are charged with violating this provision of the Act by selling one pint of wine after 5 o'clock A. M., on July 20, 1941, which was a Sunday.

We search in vain for any reasonable connection between the number of population of a county and the sale of a pint of wine in that county at a particular hour of the day which would not apply with like effect to a county having a less population where like sale of wine is made. We fail to find any logical reason why the sale of a pint of wine between 5 o'clock A. M. and 10 o'clock P. M., in Dade County having a population of 267,739 should constitute a criminal offense there where a like sale at the same hour in Duval County having a population of 210,143, does not come within the purview of the statute.

That the Legislature did not deem the number of population a reason for restricting the hours of sale is shown by the context of the statute, *supra*. This is true because what everybody knows the courts are assumed to know and take cognizance of, and it is a matter of common knowledge that the population of Dade County is greater during the months of December, January, February, March and April than it is in May, June, July, August, September, October and

November, and yet, when the population is greater the Statute provides shorter hours in which such sale is prohibited. See also Snowden v. Brown, 60 Fla. 212, 53 So. 543.

We hold that the classification is such that the Act cannot be upheld as a general law and as Sec. 21, Art. III of the Constitution, as amended *supra,* was not complied with in the passage of the Act, the Act is void and the Relators should be discharged.

It is so ordered.

BROWN, C. J., WHITFIELD, TERRELL, THOMAS and ADAMS, J. J., concur.

CHAPMAN, J., agrees to the conclusion reached.