No. 15,156.

McClain et al. *v.* The People.

(141 P. [2d] 685)

Decided June 28, 1943. Rehearing denied September 27, 1943.

Mr. ROBERT L. McDOUGAL, Mr. FORREST C. O'DELL, for plaintiffs in error.

Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAWRENCE HINKLEY, Deputy, Mr. JAMES S. HENDERSON, Assistant, for the people.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFFS in error, hereinafter referred to as defendants or by name, were convicted of selling whiskey between midnight and 8:00 a.m. in violation of the statute. McClain was fined $200, O'Brien $100, and Cardwell $15, and committed pending payment. To review that judgment they prosecute this writ. Five rulings of the trial court are assigned as error and argued, i.e., 1. Holding the statute relied upon constitutional; 2. overruling a challenge to the panel and a motion to disqualify the sheriff; 3. admitting evidence of McClain's offer to plead guilty; 4. admitting statements of one defendant made outside the presence of others; 5. refusal of a cautionary instruction as to the testimony of a witness.

1. The questioned statute makes it unlawful to

sell intoxicating liquor between the hours of 12:00 a.m. and 8:00 a.m.; "provided, that in cities having a population of 50,000 or more," the hours so fixed are 2:00 a.m. and 7:00 a.m. '35 C.S.A., c. 89, §17(d). Defendants assert that this classification violates section 25, article V of our Constitution. Said section forbids the passage of local or special laws in various specifically enumerated cases (of which that here in question is not one) and concludes: "In all other cases, where a general law can be made applicable, no special law shall be enacted." Whether a general law can be made applicable is a question of legislative discretion. *Brown v. Denver,* 7 Colo. 305, 309, 3 Pac. 455; *Carpenter v. People,* 8 Colo. 116, 122, 5 Pac. 828. Courts can interfere only when there is a clear abuse of that discretion. *Coulter v. Routt Co.,* 9 Colo. 258, 11 Pac. 199. We find no such abuse here. Added police supervision and control, usually found in larger municipalities, would alone justify the classification. In a somewhat similar situation we have sustained a like distinction on principles here applicable. *People v. Earl,* 42 Colo. 238, 263, 94 Pac. 294; *Driverless Car Co. v. Armstrong,* 91 Colo. 334, 14 P. (2d) 1098. The statute is constitutional.

2. The cause came on for trial December 8. Thirty jurors had already been summoned by the sheriff on an open venire with full knowledge of defendants. That morning they filed an affidavit of prejudice against the sheriff and a challenge to the array. When the case was called these were presented and overruled. Motion and challenge were not in apt time. Defendants' excuse is that they did not realize the prejudice of the sheriff and the resulting injury until they obtained the jury list. They repeatedly assert that their objection goes primarily to the first fifteen names on that list. If the ruling were prejudicial later developments should disclose it. They should disclose the disqualification of the jurors so summoned or some considerable number of them, at least the first half, and that defendants were compelled

to exhaust their peremptory challenges. The record is silent as to developments on voir dire; the number of jurors, if any, excused for cause; the number of peremptory challenges exercised; and the names of the jurors finally sworn. For aught we know no prejudice was disclosed, no juror was excused for cause, no peremptory challenge was exercised, and the twelve finally sworn were all selected from the first fifteen names on the list. Where the record is silent the law presumes regularity and he who claims prejudice must show it. *Doyle v. People,* 65 Colo. 124, 173 Pac. 1141; *Hoffman v. People,* 72 Colo. 552, 212 Pac. 848. The same rule applies here as in cases where a motion for a change of venue on the ground of prejudice of the inhabitants is overruled. If examination and challenges fail to indicate possible prejudice the presumption is against it. *Wilder v. People,* 86 Colo. 35, 42, 278 Pac. 594.

3. Sheriff Morris testified that McClain admitted selling after hours. Called as a witness McClain denied it. On cross-examination he was asked if he had not so stated to the district attorney in the latter's office. He answered in the negative. Then the question, "Isn't it a fact, Mr. McClain, you said you would plead guilty if this case was put in the justice court? A. There was a conversation about that, but I didn't agree to it." The sheriff was called on rebuttal. "Q. Mr. Morris, did defendant say in your presence in my office that he would plead guilty to this charge? A. He did * * *. McClain wanted to make a deal to take this case out of the present place where it was filed and tried in the justice court, which he offered to plead guilty if that was done." Admission of this evidence over objection is here urged as a violation of the rule against the admission of offers of compromise. There is no question of that rule in civil cases. There is a serious question of its applicability in criminal cases because the law encourages the compromise of the former, but frowns upon the latter. However we pass that question since this evidence was

clearly admissible for another reason. An offer to plead guilty with no strings attached could properly be construed as an admission of guilt and such are always admissible. It will be observed that the original question was whether McClain had admitted guilt. This was entirely proper as a part of the state's main case. A disagreement arose as to what he did say and this involved the correct interpretation of his statement. On rebuttal the question was one of McClain's credibility. The condition attached had no relation to McClain's innocence. It concerned only the court in which he proposed to make the plea, hence the state was entitled to maintain that this was an admission of guilt, the defense the contrary. The implication to be drawn was for the jury. *Christian v. United States*, 8 F. (2d) 732; *Carter v. State*, 161 Tenn. 698, 34 S.W. (2d) 208; *State v. Benton*, 173 La. 600, 138 So. 116. Contrary authorities are cited in the briefs of counsel but we think the rule stated in the foregoing is, as there concluded, the more logical and supported by the greater weight and number of adjudicated cases.

 4. Evidence of certain statements made by one defendant out of the presence of the others was admitted over objection and thereon error is assigned. The general character of these is thus illustrated: Byron, an investigator for the district attorney and a witness for the people, at about 12:30 a.m. asked for a drink at McClain's place. O'Brien, the bartender, told him the bar was closed, but "if you want to go back to one of the booths I can take care of you there." He went and was there served by Cardwell. On the night of the raid, while the sheriff was busy taking exhibits and names, defendant Cardwell said to Byron if they had seen the sheriff come in "they would have got it [the liquor] off the table." After the raid McClain stated that "if liquors were sold after hours the sales were intentional." If such statements were technically within the rule it is apparent their admission was not prejudicial. The rule

itself is unquestioned but certain exceptions thereto are equally so. For instance, if the act charged is the result of a conspiracy, whether charged or simply developed by the evidence, the statements are admissible. The exception does not rest upon proof of a technical criminal conspiracy but arises from the fact of unity of action to a given end. Here McClain owned and operated the business. O'Brien and Cardwell were merely his employees, presumably acting under his direction. The evidence related to an established practice or course of conduct in that business with which all were presumably acquainted. If the offense charged is, as here, but one of many committed in the usual course of that business in which those charged are jointly engaged, then so long as that business is transacted and the violations continue statements of the parties in relation thereto are admissible, the one against the other. The offense charged is one which is simply illegal because forbidden therefore no question of intent is involved, hence an instruction here that O'Brien and Cardwell were not bound by the statement of McClain would be futile since that statement went only to an immaterial element, and an instruction that McClain was not bound by the statements of O'Brien and Cardwell would be contradictory since their statements related to a course of conduct for which McClain was responsible, whether in his presence, or by his express order, or otherwise. *Hershorn v. People,* 108 Colo. 43, 113 P. (2d) 680; *Kolkman v. People,* 89 Colo. 8, 300 Pac. 575.

5. Defendants' tendered instruction No. 6 told the jurors that because Byron was employed to procure evidence his testimony "should be received with great caution." Its refusal is assigned as error. In support of this assignment counsel rely principally upon certain decisions of other jurisdictions. We need not examine them. The question has been definitely settled to the contrary here and that ruling has been applied even where it was alleged that the witnesses were accom-

plices. *Wilder v. People, supra; Adams v. People,* 87 Colo. 188, 285 Pac. 1102; *Mukuri v. People,* 92 Colo. 306, 19 P. (2d) 1040.

We think this record clearly establishes that these defendants were jointly, willfully and knowingly engaged in a violation of the statute and that each was fully acquainted with the part played therein by the others, and we discover no reversible error. The judgment is accordingly affirmed.

MR. JUSTICE HILLIARD and MR. JUSTICE GOUDY dissent.

*On Petition for Rehearing.*

MR. JUSTICE HILLIARD, dissenting.

The statute governing the offense charged, is '35 C.S.A., chapter 89, section 17. The pertinent provision reads: "It shall be unlawful for any person: * * * (d) To sell, serve or distribute any malt, vinous or spirituous liquors by the drink for consumption on the premises on week days between the hours of 12:00 o'clock a.m. and 8:00 o'clock a.m.; provided, that in cities having a population of fifty thousand (50,000) or more, between the hours of 2:00 o'clock a.m. and 7:00 o'clock a.m., * * * " The scene of the alleged offense was in Jefferson county, and it was stipulated that if it occurred at all, it was before 2:00 o'clock a.m. In short, what was an offense in Jefferson county, would not have been an offense had it occurred across the imaginary line in the City and County of Denver.

While other errors are assigned, and I think some of them have merit, I confine my discussion to the claim that inasmuch as the law is not of uniform application throughout the state, it is unconstitutional, for, that, it is special legislation and in contravention of section 25, article V, the Constitution. The controlling legal philosophy is well stated in *Allen v. Colorado Springs,* 101 Colo. 498, 75 P. (2d) 141; *City of Denver v. Bach,* 26

Colo. 530, 58 Pac. 1089; and *In Re Senate Bill No. 293,* 21 Colo. 38, 39 Pac. 522. The precise question was considered by the Supreme Court of Florida, in *State ex rel. v. Coleman,* 148 Fla. 155, 3 So. (2d) 802, where defendants in similar situation were discharged in a proceeding in habeas corpus. I commend the opinion of that distinguished tribunal.

The legislative enactment involved in this inquiry, necessarily of state-wide concern, but which, in effect, provides that a sale of liquor at a given hour in Jefferson county, shall constitute a punishable crime, while a like sale at the same hour in the City and County of Denver, or Pueblo, or Colorado Springs, shall not be a punishable crime, is, as I am convinced, violative of the constitutional inhibition that, "The general assembly shall not pass local or special laws * * *, where a general law can be made applicable," and, as well, of every canon of common-law justice. It is consistent with constitutional safeguards, as I think, to construe the portion of the law of greatest license, or of least severity, as constituting the general act, and only in that regard and application may it be regarded as constitutional.

Mr. Justice Goudy concurs in this opinion.