On Petition for Rehearing.
This is an interlocutory certiorari proceeding in which the petitioner, Emmitte H. Carter, seeks the quashal of an order of the Circuit Court of Hillsborough County denying a motion to dismiss a bill of complaint.
The bill of complaint to which the motion was addressed alleges, in substance, that under the terms of section 561.44, Florida Statutes 1941, F.S.A., no license for the sale of intoxicating liquors, wine and beer may be lawfully issued to any place of business without the territorial limits of any incorporated city or town in the State, where such place of business is within 2500 feet of an established church or school; that the 1947 session of the legislature attempted to except certain areas of the State from the prohibition of section 561.44(2) with respect to the minimum distance a liquor establishment might be located from an established church or school, by enacting in the guise of a general law chapter 23835, Laws of Florida, 1947, which provided that in counties of not less than 150,000 nor more than 250,000 population, according to the last preceding State census, such hotels, resorts or restaurants as were located within a three-mile area of the boundaries of an incorporated city of not less than 100,000 population according to such census, and as had facilities within such establishments for serving meals to not less than 500 people at one time, might be licensed for the sale of intoxicating liquors, wine and beer even though located within 2500 feet of an established church or school, provided such establishments were not closer in distance from any church or school than the minimum distance fixed by ordinance for vendors of alcoholic beverages within the corporate limits of any such municipality. The bill alleges further that the County of Hillsborough is the only county in the State of Florida having a population of not less than 150,000 and not more than 250,000 according to the last preceding State census prior to the enactment of chapter 23835, and that according to said census the City of Tampa is the only incorporated municipality of not less than 100,000 population within such county; that the petitioner Emmitte H. Carter is the owner and operator of a restaurant, known as the Crystal Ball, which is located in Hillsborough County without the territorial limits of the City of Tampa and within 2500 feet of an established school; that the Crystal Ball is the only hotel, resort or restaurant located within the three-mile area of the boundaries of the City of Tampa having facilities within such establishment for serving meals to not less than 500 people at one time; that the petitioner is selling intoxicating liquors, wine and beer at said Crystal Ball under and by virtue of a liquor license issued to him for said business by the State Beverage Commission and the Board of County Commissioners of Hillsborough County on the authority of section 561.44, Florida Statutes, 1941, as amended by chapter 23835, Laws of Florida, 1947; and that except for the existence of chapter 23835 a license for the sale of intoxicating liquors, wine and beer at said Crystal Ball could not have been issued under the laws of the State of Florida. The bill charges that the issuance of such a license to the petitioner and the sale of intoxicating beverages at the Crystal Ball was and is invalid and unlawful because said chapter 23835, though passed as a general law, is in fact a special or local law and was enacted in direct violation of section 21 of Article III of the Constitution of Florida, F.S.A., which requires publication of notice of intention to apply for the passage of such legislation in the territory affected. The bill of complaint further charges that the statute is unconstitutional on the ground that it unlawfully and unconstitutionally attempts by its terms to delegate to a municipality the legislative power to regulate and control the liquor traffic in territory outside *Page 32 
the corporate limits of any such municipality.
Prior to the passage of chapter 23835, Laws of Florida, 1947, section 561.44, Florida Statutes 1941, F.S.A., as amended by chapter 23746, Laws of Florida 1947, contained the following provisions material to this controversy; "The board of county commissioners of any county of the State of Florida may hereafter, by resolution, establish zones or areas, in the territory lying without the limits of incorporated cities or town, wherein the location of a vendor's place of business licensed under § 561.34 may be permitted to be operated * * * and no license shall be granted to any such licensee to conduct a place of business in a location where such place of business is prohibited from being operated by such resolution, provided, however, that no license * * * shall be granted to a vendor, in the territory lying without the limits of incorporated cities or towns, whose place of business is within twenty-five hundred feet of an established church or school * * *."
By the enactment of chapter 23835, supra, the legislature attempted to add a proviso to section 561.44 by the use of the following language: "Provided that in counties of not less than 150,000 and not more than 250,000 population, according to the last preceding state census, where a hotel, resort, or restaurant is located within an area of three miles of the boundaries of an incorporated city of not less than 100,000 population according to the last preceding state census and said business has facilities within such establishment for serving meals to not less than five hundred people at one time, then said business may be licensed * * * providing the distances of said business from an established school or church are not less than the minimum distance prescribed by ordinance of such municipality for vendors of alcoholic beverages within the corporate limits of such municipality."
The question is whether chapter 23835, supra, is a valid general law.
A statute relating to subdivisions of the state or to subjects, persons or things of a class, based upon proper distinctions and differences that inhere in or are peculiar or appropriate to the class, is a general law. McConihe v. State ex rel. McMurray,17 Fla. 238. A statute relating to particular subdivisions or portions of the state, or to particular places of classified locality is a local law. A statute relating to particular persons or things or other particular subjects of a class is a special law.
The classification of counties for governmental purposes according to population is entirely permissible in the enactment of a general statute, so long as the classification used is just and reasonable. State v. Daniel, 87 Fla. 270, 99 So. 804; State ex rel. Buford v. Smith, 88 Fla. 151, 101 So. 350. The arbitrary classification of counties by population for the purpose of avoiding the organic requirement of publication of notice of intention to apply to the legislature for the passage of proposed local or special law, however, is not permitted or sanctioned by the Constitution. Waybright v. Duval County, 142 Fla. 875,196 So. 430. Moreover, not only must the classification be reasonable and not arbitrary but the classification must rest upon a difference which bears some reasonable and just relation to the subject matter affected or the act in respect of which the classification is proposed. State ex rel. Blalock v. Lee,146 Fla. 385, 1 So.2d 193; State ex rel. Baldwin v. Coleman, 148 Fla. 155, 3 So.2d 802. Where a statute treated by the legislature as a general law does not conform to these principles, and a court can determine from its obvious purpose or legal effect as gathered from its language that it is in fact operative only as a special or local law, the court is under the duty to treat it as a special or local law, regardless of the guise in which it may have been framed or whether or not the particular county or locality intended to be affected by it is in terms named or identified. State ex rel. Baldwin v. Coleman, 148 Fla. 155, 3 So.2d 802.
The Seventh Census of the State of Florida, 1945, of which this court will take judicial notice, was the last preceding State census taken prior to the passage of chapter 23835, Laws of Florida, 1947. According *Page 33 
to that census the only county in the State having a population of not less than 150,000 and not more than 250,000 was Hillsborough County; and the only municipality in the county having a population of not less than 100,000 was the City of Tampa. As of the date of its passage, therefore, chapter 23835, supra, was applicable in the entire State of Florida only to a narrow strip of territory three miles wide abutting upon the City of Tampa. In that small area the statute attempts, in effect, to grant to hotels, resorts and restaurants having facilities for serving meals to at least 500 people at one time the right to procure a license to sell intoxicating beverages, even though such establishments are within 2500 feet of an established church or school, while at the same time the statute by its attempted operation withholds the privilege from hotels, resorts and restaurants in the same area whose dining facilities are not sufficient to accommodate 500 people. The statute, moreover, attempts to grant to hotels, resorts and restaurants located within the favored three-mile area of Hillsborough County who have the requisite facilities for serving meals a valuable privilege not accorded to any other hotel, resort or restaurant having similar eating accommodations within a three-mile area of other incorporated cities and towns in the State of Florida.
If the allegations of the bill of complaint appearing in this record are to be accepted as correct, only the restaurant known as the Crystal Ball and owned by the petitioner had, as of the date of the passage of chapter 23835, facilities for serving meals to 500 people at one time, and hence of all the hotels, resorts and restaurants in the State only the Crystal Ball was eligible to qualify for the privileges accorded by the statute. Thus, under the terms of the statute, sales of intoxicating liquors, wine and beer are perfectly lawful when made by the Crystal Ball, even though the establishment is within 2500 feet of an established school, while sales of intoxicating beverages by all other hotels, resorts and restaurants in the County of Hillsborough and in the State at large, but located outside the territorial limits of a municipality and within 2500 feet of an established church or school, are punishable as a violation of the criminal law.
No population statute having such a narrowly restrictive application and effect and resting upon such an arbitrary classification could ever be construed by the courts as being a valid general law based upon proper distinctions and differences that inhere in or are peculiar or appropriate to the class affected. The statute is a special or local law applying only to Hillsborough County. It was enacted by the legislature in the guise of a general law. No attempt was ever made by those interested in the enactment of the statute to publish notice of intention to apply to the legislature for its passage, as is required by section 21, Article III of the Constitution. The statute is therefore unconstitutional and invalid.
The petition for rehearing is denied.
It is so ordered.
THOMAS, C.J., and TERRELL, CHAPMAN and ADAMS, JJ., concur.