### TAYLOR v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. October 3, 1898.)

No. 410.

1. CRIMINAL LAW—EVIDENCE OF CO-CONSPIRATORS—FOUNDATION FOR ADMISSION.
   Evidence that a defendant, charged with having entered into a conspiracy with other defendants to make and utter counterfeit coins, was a relative of others of the defendants; that he resided with one of them for six weeks, during which time the counterfeit coins were there made; that he wrote the letter ordering the machine with which they were made; and that, after the arrest of one of the defendants, he wrote offering to assist in procuring bail,—is sufficient as connecting defendant with the conspiracy to authorize the admission against him of statements of his co-conspirators.

**2. SAME—ORDER OF PROOF.**

The order of proof rests in the sound discretion of the court, and it is not bound to exclude evidence of declarations of co-conspirators against a defendant until after the prosecution has proved his connection with the offense charged.

**3. SAME—EVIDENCE—HEARSAY.**

While it is competent to ask a witness for the prosecution if he is to receive a reward in case of defendant's conviction, or to prove such fact to show his interest, it is not competent to prove a statement made by him to that effect unless for the purpose of impeachment, and after he has been interrogated in regard to such statement.

**4. SAME—DEMONSTRATIVE EVIDENCE.**

In a prosecution for counterfeiting, permitting a plating machine taken from defendants to be operated in the presence of the jury by an expert, to demonstrate that it could be used for plating coins such as defendants were charged with having made and uttered, was not error.

In Error to the Circuit Court of the United States for the District of Idaho.

This was a prosecution for entering into a conspiracy to counterfeit and utter counterfeit coins of the United States. From a judgment of conviction, Emmett Taylor, one of the defendants, brings error.

Lot L. Feltham, for plaintiff in error.

James H. Forney, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. The plaintiff in error was one of several defendants who were convicted of entering into a conspiracy to counterfeit and utter counterfeits of the gold coins of the United States. The other defendants were James Eddy, John Eddy, Newton Eddy, Charles Scroggins, Frank Freligh, Isam Splawn, and Stan Splawn. It is contended on behalf of the plaintiff in error that the court erred in admitting in evidence the statements of his co-conspirators connecting the plaintiff in error with the offense, without first having established by other testimony the fact that the plaintiff in error was a party to the conspiracy. The evidence which, in the opinion of the court, was sufficient to make out a prima facie case against the plaintiff in error in order to the admission of the declarations of his co-conspirators, was, in brief, that the plaintiff in error was the cousin of the Eddy boys; that he lived near Weiser, Idaho; that Isam Splawn lived near Lewiston, and the other defendants at Rapid River; that about the 10th of September, 1896, he was seen in company with John Eddy and Stan Splawn; that about that time he, in company with John Eddy and Isam Splawn, went to Lewiston, Idaho, and stopped at Isam Splawn's place, where subsequently Jim Eddy, Frank Freligh, and Stan Splawn joined them. After remaining five or six weeks at and near Lewiston, attending the races and training the race horses, the plaintiff in error returned to Rapid River, in the latter part of October, 1896. After remaining there three or four days, he returned to his home. During this period a large quantity of counterfeit coin was made by the other defendants. It was proven that the plating outfit with which the counterfeit coin was plated with gold was ordered in Chicago by the plaintiff in error, who wrote therefor, signing the name of Isam Splawn to the order, and

directing that the outfit be sent to the said Splawn at Lewiston; that the order for the plating machine was sent on the 15th day of September, 1896, and the answer thereto was found in the possession of John Eddy, at Rapid River; that during the month of October, 1896, and near Isam Splawn's house, where the plaintiff in error was stopping, a large amount of counterfeit money was manufactured. There was evidence that, after Stan Splawn was arrested for passing some of the counterfeit money, the plaintiff in error wrote to John Eddy, referring to the fact that he had heard that Stan Splawn was going to turn state's evidence, and stating that, if he needed any money or help in getting his bonds, he would help him all he could. We think that these facts were sufficient to establish a prima facie case against the plaintiff in error, so that the court was justified in admitting the statements of his co-conspirators which connected him directly with the offense which was charged against them all. The court was not bound to exclude the evidence of those declarations until the prosecution should first have proven the connection of the plaintiff in error with the offense. The order of the proof rested in the sound discretion of the court. 1 Greenl. Ev. § 111; 6 Am. & Eng. Enc. Law (2d Ed.) 689; State v. Winner, 17 Kan. 298, 305.

Error is assigned to the refusal of the court to permit certain interrogatories, the purpose of which was to show the interest of the witness Reavis in the result of the case. Reavis was the principal witness against the defendants. It is contended that the court erred in not permitting the plaintiff in error to inquire of him whether or not he had said to the wife of Frank Freligh that, if her husband was convicted, he would marry her, and take care of her. We find it unnecessary to determine whether it was error to sustain the objection, for it appears in the record that, notwithstanding the ruling of the court, the witness answered the question. It is contended that it was error to exclude the testimony of the witness Miller, who was called to prove that Reavis had said to him that, if he (Reavis) secured the conviction of the defendants, he was to receive a reward of $1,000. It would have been proper to inquire of Reavis whether he was to receive a reward in case the defendants were convicted. It would have been proper to prove that fact by any competent evidence. It was not competent evidence, however, to show that Reavis had said to Miller that he was to have a reward. He had not been interrogated as to what he had said to the witness. It was not intended to impeach him by the question. It was a proffer of hearsay testimony only.

It is urged that the court erred in permitting the witness Kettenbach to testify, over the objection of plaintiff in error, that, when he picked up pieces of plaster of Paris in a cañon about three miles from Isam Splawn's house, he had remarked, "That was similar to the molds that I had seen in the sheriff's hands in the Lewiston National Bank, which had been taken from the counterfeiters." There is no theory upon which this testimony was admissible; and, if it can be seen that it tended in any way to connect the defendants in the indictment with the commission of the crime charged, it must be held that its admission was error, for which the judgment should

be reversed. But we are unable to see that the evidence could have had such a tendency. The record is silent as to any evidence concerning molds taken from the defendants in this case, or from other counterfeiters, or in the hands of the sheriff; but assuming that the witness referred to the molds produced by the witness Reavis, and which had been offered in evidence, the further fact that the witness Kettenbach declared when he found them that the pieces of plaster discovered in the cañon resembled the others did not, we think, add any force whatever to the deduction that might legitimately be drawn from the possession of the molds by the defendants. The molds referred to by both witnesses were all before the jury, and the jury could make their own comparisons. The cañon in which the molds were found was three miles distant from Isam Splawn's house. There was evidence that some of the defendants had told Reavis that they had made counterfeit coin in a bushy cañon somewhere in the neighborhood of Splawn's. While the question is not wholly free from doubt, we are inclined to the opinion that the admission of the evidence was not error which could have affected a substantial right of the plaintiff in error, or which now justifies us in reversing the judgment.

It is urged that the plaintiff in error was prejudiced by the ruling of the court permitting the witness Kelly, as an expert, to operate the plating machine, and demonstrate to the jury the fact that coins could be plated with it. We find no error in this. It was proper to prove that the machine would do the work which the witness Reavis said had been done with it, and the best proof was the actual demonstration which was made before the jury.

The foregoing are the principal assignments of error. We have examined the other points made by the plaintiff in error, and in none of them do we find ground for reversing the judgment. The judgment of the circuit court will be affirmed.