No. 10,448.

CARGILL *v.* THE PEOPLE.

Decided April 2, 1923.

Plaintiff in error was convicted of the crime of burglary.

*Reversed.*

1.   CRIMINAL LAW—*Evidence.* As a general rule evidence of other independent crimes is not admissible against a defendant in a criminal case. Burglaries come within this general rule unless

the evidence offered tends to show identity, intent, motive or system.

2.      *Evidence.* In a prosecution for burglary, evidence was introduced by the state relating to a burglary, in which defendant was said to have participated, a month prior to the one for which he was on trial. The court told the jury that the evidence was to be considered only as tending to show plan or scheme. The evidence failing entirely to show any plan or scheme, this testimony should have been stricken, and the instruction is held erroneous.

*Error to the District Court of El Paso County, Hon. J. W. Sheafor, Judge.*

Mr. THOMAS I. PURCELL, Messrs. ORR & LITTLE, for plaintiff in error.

Mr. VICTOR E. KEYES, attorney general, Mr. CHARLES R. CONLEE, assistant, Mr. RUSSELL W. FLEMING, attorney general, Mr. J. P. O'CONNELL, assistant, for the people.

*Department One.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error, hereinafter referred to as defendant, was sentenced, on a verdict of guilty of burglary, to a term of six to eight years in the penitentiary. To review that judgment he prosecutes this writ.

The crime charged was the burglary of the drug store of one Bissell, in Colorado Springs on the night of December 21, 1921. The principal witness for the people was one DeMasters, an accomplice brought from the state penitentiary, where he was then serving sentence for the offense. He was permitted to testify that about one month prior to the commission of the crime under investigation he and defendant had robbed the Hopkins residence in the same city, and that a representative of the owner had compelled the perpetrators to return the stolen property. There was no relation between the two crimes, and no similarity save that both were burglaries. Defendant objected to a portion of this evidence and moved to strike all

of it. The objection and motion were overruled, and, over the protest of defendant, the application of said evidence was by instruction limited to "corroboration and explanation." To each of these adverse rulings defendant excepted and each is assigned as error.

The general rule is that evidence of other independent crimes is not admissible. 16 C. J. 709, sec. 1450; *Warford v. People*, 43 Colo. 107, 112, 96 Pac. 556; *Jaynes v. People*, 44 Colo. 535, 543, 99 Pac. 325, 16 Ann. Cas. 787. Burglaries come within this general rule unless the evidence offered tends to show identity, intent, motive or system. 16 C. J. 595, sec. 1149.

The evidence was not admissible. That it was clearly prejudicial is determined by reference to the reason for the rule as stated in *Jaynes v. People, supra.*

When this evidence was admitted the jurors were told by the court that it was to be considered only as tending to show plan or scheme. Failing entirely to disclose any plan or scheme it should have been stricken. Such evidence is sometimes proper to show corroboration and explanation, generally in cases involving sexual crimes. *Mitchell v. People*, 24 Colo. 532, 535, 52 Pac. 671. The reason for the distinction is well stated in *People v. Jenness*, 5 Mich. 305, 320. The instruction was erroneous.

The judgment is reversed and the cause remanded.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE ALLEN concur.