## No. 11,201.

### WHITE, ET AL. *v.* THE PEOPLE.

Decided April 5, 1926.

Plaintiffs in error were convicted of conspiracy and obtaining money by false pretenses.

### *Reversed.*

1. APPEAL AND ERROR—*Criminal Law—Severance.* Question concerning the ruling on a motion for a severance having been definitely settled by a former decision, the court declines to reconsider it.

2. CRIMINAL LAW—*Information—Amendment—Verification.* The defendant having announced his readiness to proceed to trial after having been granted time to consider proposed amendments to the information, and making no objection thereto, will not be heard to complain in the reviewing court because of the amendment, if made; that an amended information was not filed; or if filed, was not verified.

3. *Arraignment.* It is settled law in Colorado that a party cannot be tried, convicted and sentenced without arraignment and plea.

4. *Information—Amendment—Rearraignment.* Where a defendant enters a plea to the original information which is subsequently amended in a matter of form only, no rearraignment and plea are required.

5. *Sufficiency of Counts—Concurrent Sentences.* Where a defendant is convicted on several counts of an information, the sentences running concurrently, if the conviction on any .count is legal, the question as to whether he should have been rearraigned on the other counts of the information is immaterial.

6. *Court Remarks.* Language used by the court in rebuking counsel for defendant held not to be error.

7. *Instructions.* In a prosecution for conspiracy and obtaining money by false pretenses, a requested instruction on the meaning of the word estimate, held properly refused.

8. *Evidence—Conspiracy.* In a criminal prosecution for conspiracy, statements or declarations by one of the conspirators made after the accomplishment of the conspiracy, while competent against the party making them, are not competent against his co-conspirators.

9. *Evidence.* Objections to certain questions in the trial of a criminal action for conspiracy and obtaining money under false pretenses, held improperly sustained.

10. *Instructions.* In a criminal prosecution where the court announced that he would give the stock instructions and that counsel need not prepare them, it was his duty to fully instruct the jury as to what was charged in each count and what issues were presented to them for determination, and a failure to do so held reversible error.

11. *Trial—Errors—Effect.* In a criminal trial, where irregularities were numerous and unusual, even although no one of them could be considered reversible error, it is held that the defendant did not have a fair and impartial trial.

*Error to the District Court of Garfield County, Hon. John T. Shumate, Judge.*

Mr. WILLIAM F. NOONAN, Mr. HORACE N. HAWKINS, Mr. WILLIAM A. BRYANS, for plaintiffs in error.

MR. WILLIAM L. BOATRIGHT, Attorney General, Mr. JEAN S. BREITENSTEIN, Assistant, for the people.

*En banc.*

MR. JUSTICE SHEAFOR delivered the opinion of the court.

PLAINTIFFS in error were defendants in the court below, and will be so referred to here. The defendants were convicted on each of four counts in an information charging them with conspiracy and obtaining money by false pretenses, and were sentenced to imprisonment for a term of not less than 18 months, nor more than two years on each count, the sentences to run concurrently. Defendants bring the case here for review.

The record discloses that in March, 1924, an information was filed against the defendants containing four counts. The first, second and fourth counts charged that defendants had entered into a conspiracy to cheat and defraud the City of Glenwood Springs. The third count charged that, by means of certain false and fraudulent pretenses, defendants obtained from the City of Glenwood Springs, the sum of at least $4,000. In April, following, defendants were arraigned upon this information and entered a plea of not guilty.

The record contains 158 assignments of error, but we think the following statement substantially includes and covers all of them.

After the arraignment and plea, defendant Miller filed his motion for a separate trial, which was heard and denied in July, of that year. The case was finally set for trial for November 19, 1924. On the latter date the district attorney moved the court for leave to amend the information in many particulars, some of which were as to matters of substance, and others as to form. This motion was granted over the objection of defendants. The record shows that the district attorney then presented an information as amended, but without verification.

By reason of the amendments, and especially because some of them were amendments as to substance, the court stated that if defendants desired a continuance of the case it would be granted in order to enable them to meet the amendments, and they were given until the fol-

lowing day to determine whether or not they should ask for further time.

On that day they appeared in court and announced themselves ready for trial. The defendants were not re-arraigned, and no plea was entered by them to the information, as amended. At the conclusion of the evidence, defendants moved for a directed verdict which was overruled. Defendants then presented certain requests for instructions, among them one numbered 21, which were refused. The court, on its own motion, gave 19 instructions, but in none of them did the court tell the jury what the information contained, or what each count in the information contained, or what the issues were, nor were they told what plea was entered by defendants to the information. No instruction was given as to the presumption of innocence.

During the trial certain evidence was admitted and rejected which the defendants claim was error; also that on one occasion during the trial the court rebuked counsel, which they claim was error. Motions for new trial and in arrest of judgment were overruled.

The defendants complain of the foregoing matters, occurring after the plea to the original information, and contend that each of the rulings made against them constitutes reversible error.

1. There was no error in denying the motion for a severance. This question has been definitely settled and disposed of adversely to defendants' contention, and we are not disposed to reconsider it. *Robinson v. People,* 76 Colo. 416, 232 Pac. 672.

2. It is true that permission was given to amend the information, as to matters of substance, as well as to matters of form; also it is true that there was no verification to the amended information. Counsel say in their brief that no amended information was presented, and no amendments made to the information, until after the trial, but the record does not seem to bear out this statement. However, whether this be correct or not is imma-

terial. Their announcement that they were ready for trial, after fully considering the matter of the amendments, amounts to a waiver of whatever rights they may have had in this respect. They made no objection to proceeding with the trial either because of the amendments, or because an amended information was not filed; neither did they object to proceeding upon an unverified amended information. They are, therefore, not in a position to complain as to those matters.

3. It is settled law in this jurisdiction that a party cannot be tried, convicted and sentenced, for a criminal offense without arraignment and plea. *People v. Lawton*, 61 Colo. 566, 158 Pac. 1099. But that has no application to the facts in the present case. Here defendants had been arraigned and entered a plea to the original information. Whether they should have been rearraigned and required to plead to those counts in the information which had been amended as to matters of substance, we need not determine. The amendment to the fourth count was clearly as to form, and where such amendment is made no rearraignment and plea is required. *Collins v. People*, 69 Colo. 353, 355, 195 Pac. 525.

A conviction on the fourth count having resulted, and the sentences running concurrently, the question as to whether defendants should have been rearraigned, on the other counts of the information, becomes immaterial. *Quinn v. People*, 32 Colo. 135, 75 Pac. 396; *Imboden v. People*, 40 Colo. 142, 161, 90 Pac. 608; *Shepherd v. People*, 75 Colo. 251, 254, 225 Pac. 221.

4. The language used by the court to one of defendant's counsel, which defendants claim was a severe and unjustified rebuke, does not constitute error. *Almond v. People*, 55 Colo. 425, 430, 135 Pac. 783.

5. Complaint is made that the court erred in refusing to give defendants' instruction No. 21, which is as follows: "The jury is instructed that Exhibits 1 to 9, inclusive, purport to be estimates of the work, material and lineal feet of the tunnel constructed. The word 'esti-

mate' means a valuation by the mind without actual measurement, weight, or the like, the valuation being only an opinion or roughly made, very incomplete or imperfect. The word 'estimate' excludes the idea of . exact detail.'' They argue that the instruction was a statement of defendants' theory of their defense, and as such should have been given. We do not think that the instruction was sufficiently accurate or that it was a correct legal proposition as applied to the contract in evidence. There was no error in refusing to so instruct the jury.

It is not entirely clear from the record, if the conspiracy charged existed, when its purpose was accomplished and the conspiracy ended, but apparently it was not later than August 13th, when the last payment was made under the Miller estimate.

When the purpose has been accomplished the conspiracy is ended. Declarations, statements and acts of one conspirator made after the accomplishment of the purpose of the conspiracy are, ordinarily, not admissible. They are admissible only when so closely connected with the accomplishment of the purpose as to form a part of the res gestae. 5 R. C. L., p. 1089, § 39.

This doctrine, while recognized by the trial court, was overlooked in several instances. Evidence was admitted of a conversation had with defendant Miller, no date being fixed, in the absence of White, to the effect that Miller had done all he could to help White and Johnson on the tunnel work; that he had gone down the line for White and Johnson. Again evidence was admitted of a conversation had by the witness with Johnson, of the White & Johnson Company, in Denver, Miller not being present, no date fixed, but which must have been later than September 8th, relative to how a certain telegram came into the hands of McDonald, who was mayor of the city.

The court also admitted in evidence the telegram, which reads: ''Glenwood Springs, Colo., Sept. 8, 1923.

R. A. White, Denver Colo. Wire Tom Allen immediate discharge otherwise shall expose entire tunnel dealings. M. L. Miller, 10:07 A.''

The foregoing evidence related to matters, apparently, occurring after the object of the conspiracy had been accomplished and the conspiracy ended, and if so, while the evidence was competent against the party making the statement or declaration, it was not competent evidence against the other party.

6. The court sustained objections made to the following questions propounded by defendants on cross examination, to the witness Kendrick, who was a member of the city council during the year 1923:

''Q. And the council, so far as you know, was not imposed upon.

''Q. You understood, as a member of the council, that the estimates submitted for your consideration, were estimates only.

''Q. When these estimates, Exhibits 1 to 9, were submitted to you and the City of Glenwood Springs, as one of its officers, you knew then that they were merely approximations and estimates of the amount of work that had been done, is that not correct?

''Q. There never was anything stated by Mr. Miller at any meeting of the council in your presence, when Exhibits 1 to 9 inclusive were being considered, that they were intended to convey to you the thought that they were absolutely correct.''

We perceive no reason why these questions should not have been answered.

7. The court instructed the jury as to the obtaining of money by false pretenses, which doubtless referred to the third count in the information, and also instructed the jury that neither defendant could be convicted of obtaining money by false pretenses, as charged in the third count, unless the people had proven, beyond a reasonable doubt, by the evidence, that the defendants made or caused to be made the representations set forth in the

information. In instruction No. 16, the court told the jury that "the burden was upon the people to prove each and every material allegation, one or more of the counts, in the information contained, to your satisfaction beyond a reasonable doubt  *   *   *.''

Beyond these references in the instructions to the third count, there is, as we have already seen, no instruction with reference to what was contained in each count in the information, nor what the plea of the defendants was thereto. The jury, by its verdict, found the defendants guilty on each of the counts, fixing the sum of money to be obtained, and obtained, referring to each count specifically.

The judge had stated to counsel, in substance, that he would give the stock instructions, and that they need not prepare them.

It is urged by the people that there was no error in the failure of the court to instruct the jury as to the issues of the case, inasmuch as no request therefor had been made by counsel. We do not think this is correct. We think, in the circumstances of this case, and considering the above statement of the court, that counsel were not required to specifically request such an instruction, but that it was the duty of the court to fully instruct the jury what was charged against the defendant in each count of the information and what issue was presented to them for determination.

8. Furthermore, the irregularities occurring during the trial were so numerous and so unusual that even if no one of the matters complained of could be considered as reversible error, yet they constitute such a departure from the long established and well recognized practice and procedure in criminal cases that we are impelled to say, in connection with what we have already said, that defendants did not have a fair and impartial trial.

9. The failure of the court to give an instruction on the presumption of innocence was no doubt an inad-

vertence, and as to whether or not the failure to give it was reversible error, we need not determine, as upon a retrial of this case, it doubtless would not be omitted.

It follows, therefore, that the court should have granted defendants' motions for a new trial.

For the reasons given the judgment should be reversed and a new trial granted.