## No. 13,130.

### Mukuri et al v. The People.
(19 P. [2d] 1040)

Decided March 6, 1933.

Mr. Lewis D. Mowry, for plaintiffs in error.

Mr. Clarence L. Ireland, Attorney General, Mr. Wallace S. Porth, Assistant, for the people.

*En Banc.*

Mr. Justice Burke delivered the opinion of the court.

Plaintiffs in error are hereinafter referred to as defendants, or by name. They were convicted of conspiracy to burn a dwelling house in Denver and sentenced to terms of six to ten years in the penitentiary. To review that judgment they prosecute this writ.

The first count of the information charged these defendants, and four others, with conspiracy to burn the

dwelling house of Jennie Carlino, and the second count with conspiracy to burn the same house with intent to defraud the insurers thereof. Such a conspiracy, by some of those charged, is clearly established by the record. The house was burned. Five of the defendants were tried together. At least three were convicted. These two only seek a reversal.

It is here contended: (1) That motions to quash the information, to elect between two counts, and to direct a verdict of not guilty as to the second count, should have been sustained; (2) that defendants' requested instruction No. 2 should have been given; (3) that defendants' motion for a directed verdict as to the first count should have been sustained; (4) that Mukuri's motion for separate trial should have been sustained; (5) that Exhibits X and Y should have been excluded; (6) that evidence of certain statements made by codefendants should have been excluded; (7) that for all these reasons defendants did not have a fair trial.

■ 1. Defendants maintain that the information improperly joins counts for conspiracy to commit common law and statutory arson, and that the second count is defective for failure to allege that they knew the house was insured. Assuming, but not deciding, the correctness of this position, no prejudice is shown. There was then but one count and the motions to quash for misjoinder and to elect have nothing to support them. Whether the motion for a directed verdict as to the second count should have been sustained is immaterial, for while sentence was pronounced on the verdict of guilty thereon, an identical sentence was pronounced as to the first count, and since it was ordered that these sentences run concurrently, defendants were not prejudiced. *White v. People,* 79 Colo. 261, 245 Pac. 349; *Wilder v. People,* 86 Colo. 35, 43, 278 Pac. 594.

■ 2. One "B," a witness for the people, stated that he was a government employee. Defendants' requested instruction No. 2 cautioned the jury against giv-

ing his testimony additional weight because of that fact. We see no reason for the instruction and no authority in support of it is cited. The same theory would require a caution against giving too much, or too little, weight to the testimony of every witness in every jury trial. The instruction was properly refused.

■ ■ 3. The evidence disclosed that the house in question was mortgaged, a fact not mentioned in the information. This is urged as a fatal variance under *Lipschitz v. People,* 25 Colo. 261, 53 Pac. 509. However sound and applicable that authority, if it supports this contention it is no longer the law in this jurisdiction. That opinion was announced in 1898 and in 1907 a statute was passed which declares such a discrepancy no variance. C. L. 1921, p. 1819, §7103. A variance which does not tend to prejudice substantial rights of a defendant is not fatal. *Compton v. People,* 84 Colo. 106, 112, 268 Pac. 577.

■ ■ 4. The principal reason urged why Mukuri's motion for severance should have been granted is that two of his codefendants were known in the community as men of bad reputation and he was prejudiced by being tried with them. We know of no rule which permits the trial together only of such defendants as have good reputations, and none such has been cited. Evidence relating to the reputation of another defendant is, by statute, expressly excluded as a ground of severance. C. L. 1921, p. 1818, §7097. Such motions are addressed, generally, to the sound discretion of the trial court. We find nothing in this record to support the conclusion that such discretion was abused.

■ 5. Exhibit X was a suitcase, and Exhibit Y a bundle of letters addressed to the husband of the owner of the house. The sole purpose of their introduction was to show that they had been removed from the burned dwelling. Since their owner was charged as a coconspirator and the exhibits were such as a man would naturally remove from a house he expected to be de-

stroyed, they were admitted as tending to show knowledge and preparation. For that purpose they were admissible against all the defendants. How this could have prejudiced those now before us we are not advised.

6. Sam and Pete Carlino were joined as defendants, but Sam died before the trial. "B" testified to statements made by them, out of the presence of these defendants, but implicating the latter in the conspiracy. This, it is said, was "the chief error committed by the court." The position of counsel is that at the time of the first admission of these statements the conspiracy had not been established. But "B" thereafter testified to similar statements made when these defendants were present, and gave evidence clearly showing that the conspiracy had, at the time in question, been formed, and that defendants were members of and participants in it. It thus appears that at most this was an irregularity in order of proof and order of proof rests in the sound discretion of the court. If prima facie proof of the conspiracy was wanting when the questioned testimony was given the later evidence cured the defect. *Taylor v. United States,* 89 Fed. 954, 32 C. C. A. 449.

7. If we are correct in the foregoing, *White v. People,* 79 Colo. 261 (8), 245 Pac. 349, here relied on by defendants, has no application. We think defendants had a fair trial.

The judgment is affirmed.

MR. JUSTICE MOORE not participating.