## No. 17,629.

WALTER T. COOPER *v.* PEOPLE OF THE STATE OF COLORADO.
(291 P. [2d] 388)

Decided December 5, 1955.   Rehearing denied January 3, 1956.

Mr. ROBERT E. HOLLAND, Mr. ROBERT L. KNOUS, for the plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, and Mr. PETER L. DYE, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE BRADFIELD delivered the opinion of the Court.

DEFENDANT was charged in an indictment returned by the grand jury of the City and County of Denver on two counts. The first count charged defendant with the unlawful practice of medicine without a license therefor; and that he used the title abbreviation of "Dr." to induce the public to believe he was engaged in the diagnosis and treatment of disease. The second count charged defendant with the unlawful practice of chiropractic without a license therefor; and for holding himself out to the public as being engaged in the chiropractic practice. The defendant was arraigned on May 27, 1954, and by his counsel waived the reading of the indictment and pled not guilty to both counts. The case was set for trial September 13, 1954, and later by agreement was continued to October 19, 1954. On October 18, 1954, defendant, appearing with additional counsel, filed a written motion to quash the indictment for duplicity on the ground that counts one and two charged two separate offenses and

that said counts were indefinite and vague and failed to state an offense.

The reporter's transcript shows that on October 19, 1954, prior to the beginning of the trial, defendant orally moved the court to vacate the plea of not guilty "in order that we might argue the motion to quash." The court denied the motion, saying, it "comes too late." Exceptions were saved. The jury was then impaneled and the cause proceeded to trial on both counts. At the conclusion of all the evidence, on defendant's motion the trial court dismissed the second, or chiropractic, count of the indictment and instructed the jury not to consider the same. Motions to quash the indictment and for a directed verdict on the first count were denied. The case was submitted to the jury on the first count, resulting in a verdict finding defendant guilty of practicing medicine without a license. A new trial was denied and defendant was sentenced to serve a term in jail. He brings the case here by writ of error.

Among the defendant's assignments of error urged to justify a reversal is:

"2. The Trial Court erred in denying defendant's motion to vacate the plea of not guilty and permitting the defendant to argue the motion to quash."

■ We consider this second assignment of error. The statute, C.R.S. 1953, sec. 39-3-7, provides:

"All exceptions which go merely to the form of an indictment shall be made before trial * * *."

In *Critchfield v. The People,* 91 Colo. 127, 131, 13 P. (2d) it is said:

"If the information is duplicitous, that fact is patent, and the question must be presented either by motion to quash or demurrer, and this *in limine,* because the rule against duplicity is for the benefit of the defendant, and he may waive it. * * * Neither a demurrer, or a motion to quash can be properly made while a plea to the indictment or information stands. * * * Any objection to the information must have been taken advantage of by a

motion to quash, a demurrer or a motion to elect, the first two of which must be made before trial."

In the instant case the first motion before the court was that defendant be permitted to withdraw his former plea of not guilty.

In *Champion v. The People,* 124 Colo. 253, 258, 236 P. (2d) 127, where a plea of guilty was sought to be withdrawn, this Court held:

"Generally, it is well settled that a motion by a defendant to withdraw a plea of guilty is addressed to the sound discretion of the trial court. *Abshier v. People,* 87 Colo. 507, 289 Pac. 1081."

The Court then cites with approval:

"14 American Jurisprudence, page 961, section 287, * * * 'As in other cases of discretionary power, no general rule can be laid down as to when a defendant will be permitted to withdraw his plea. The decision in each case must depend to a great extent on the particular attendant circumstances. Generally, however, it may be said that the withdrawal of a plea of guilty should not be denied in any case where it is in the least evident that the ends of justice will be subserved by permitting not guilty to be pleaded in its place. The least surprise or influence causing a defendant to plead guilty when he has any defense at all should be sufficient grounds for permitting a change of plea from guilty to not guilty. Leave should ordinarily be given to withdraw a plea of guilty if it was entered by mistake or under a misconception of the nature of the charge; through a misunderstanding as to its effect; * * * was made involuntarily for any reason; or even where it was entered inadvisedly, if any reasonable ground is offered for going to the jury.' " The Court continues: "We do not place emphasis upon any single circumstance present in this case as being sufficient in and of itself to warrant our ruling that the trial court abused its discretion in the premises. The combination of all the facts and circumstances, considered in the light of the principles of law above stated,

lead unmistakably to the conclusion that the pleas of guilty should be permitted to be withdrawn and pleas of not guilty entered as to each count of the information."

In *White v. The People*, 79 Colo. 261, 245 Pac. 349, we take the following from the syllabus:

"11. In a criminal trial, where irregularities were numerous and unusual, even although no one of them could be considered reversible error, it is held that the defendant did not have a fair and impartial trial."

■■ The case at bar is a criminal action. The mandatory statute, C.R.S. 1953, 39-3-7, provides that all exceptions to the form of an indictment shall be made before trial. Although represented by counsel on arraignment, the reading of the indictment was waived and the defendant pleaded not guilty. The continuance of the trial date was by agreement. Thereafter additional counsel appeared for defendant. Immediately after the appearance of additional counsel and before trial, a motion to quash the indictment was filed. This motion could not properly be heard while a plea was pending; hence defendant's oral motion to permit him to withdraw his plea to the indictment to permit the motion to quash to be presented. The court denied the motion to withdraw the plea of not guilty, therefore, the motion to quash could not and was not heard on its merits. The court having knowledge of the defendant's exception to the information, in fairness to defendant, should have been liberal in its consideration of defendant's motion to withdraw his plea in order to consider the more vital motion to quash the indictment to the end that the right of defendant to a fair hearing would have been safeguarded. The adverse action of the court required defendant to go to trial before the jury on two distinct offenses based on entirely separate statutes, even though at the conclusion of all the evidence the second count charging unlawful chiropractic practice was dismissed, yet all the evidence relating thereto was before the jury. On its face, reason-

able men would be influenced thereby. The two counts, practicing medicine without a license and practicing chiropractic without a license, should not have been tried together. To do so, over defendant's objection, was error and the indictment containing the two counts was fatally defective. *Hurley v. The People,* 99 Colo. 510, 517, 63 P. (2d) 1227.

■ ■ The only ground urged against defendant's motions was that they "come too late." The above cited statute means "before trial," not before arraignment. Although represented by counsel, the evidence does not show defendant was familiar with court procedure or with the effect of his plea at the time. The record discloses the reading of the information to him was waived. The entering of the plea at the arraignment later appeared to have been a mistake and entered inadvisedly. Defendant's two motions presented a serious question. They cannot be separately considered, since the one refers to the other. The motion to quash the information appears to have merit, and in a criminal case, regardless of some inconvenience occasioned thereby, should have been heard and determined on its merits before the trial. Considering the nature of the case and the circumstances involved, the court's denial of the withdrawal of the plea, in the light of defendant's pending vital motion directed against the information, subjected the defendant to an unfair trial and constituted an abuse of discretion by the trial court. That the defendant's cause was prejudiced by the improper submission of evidence related to the alleged immaterial, unlawful chiropractic practice is patent and therefrom defendant did or may have suffered an adverse verdict and jail sentence. Under the circumstances here shown, this prejudice was not cured by the subsequent court instruction to the jury that "the second charge of the indictment has been dismissed and is not to be considered by you."

For the reasons stated the judgment is reversed and the cause remanded with directions to grant the motion

554

to withdraw the plea, then to determine the motion to quash, and for a new trial, if required.

MR. JUSTICE KNAUSS concurs; MR. JUSTICE MOORE concurs in the result.

MR. CHIEF JUSTICE ALTER and MR. JUSTICE CLARK dissent.

MR. JUSTICE HOLLAND and MR. JUSTICE LINDSLEY do not participate.