No. 20968.

THEODORE CHARLES RUARK *v.* THE PEOPLE OF THE
STATE OF COLORADO.

(406 P.2d 91)

Decided October 4, 1965.

288

LYSLE R. DIRRIM, JOHN L. KANE, JR., for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, AUREL M. KELLY, Special Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE SCHAUER delivered the opinion of the Court.

ON July 13, 1962, a four count information was filed in the District Court of Adams County, Colorado, against Charles William Ferguson and Theodore Charles Ruark, charging them jointly with the crimes of (1) Aggravated Robbery; (2) Assault with a Deadly Weapon; (3) Assault to Murder, and (4) Escape after Con-

viction. During the trial Ferguson entered a plea of guilty to Count No. 3, the other counts against him were dismissed, and Count No. 3 was withdrawn from the consideration of the jury. Ruark was convicted on Counts Nos. 1, 2 and 4 and sentenced to terms in the state penitentiary. Ruark, only, is before this court on writ of error and will be referred to as the defendant, or by name.

The evidence discloses the following chain of events. On April 5, 1962, Ruark was convicted of the crime of aggravated robbery in the District Court of the City and County of Denver. On July 3, 1962, Ruark, together with Ferguson and other prisoners in the Denver county jail, was transported from the jail to the Denver District Court for court appearances. A special bus was used for such purpose, in which Deputy Sheriff Gillette was the armed guard. On the return trip to the county jail the bus slowed down for a signal light. Ruark and Ferguson seized this opportunity to break through the front door of the bus and attack Gillette, the guard. Ruark attempted to take Gillette's pistol from him, which resulted in a struggle, and the two combatants fell to the ground. In the meantime, Ferguson had taken a gun from the driver of the bus and had struck Gillette a glancing blow, thereby dissuading him from participating in further combat. The gun in Ruark's possession was discharged, wounding Gillette. It was this set of circumstances upon which Counts 2, 3 and 4 were based — assault with a deadly weapon, assault to murder, and escape after conviction.

Following the altercation described above, the two desperadoes ran to the next corner where they accosted one Leone T. Fox, who had stopped her Corvair for a signal light. They approached Miss Fox from both sides, pointing guns toward her and demanding the use of her vehicle. She was prompt in her obedience to their demand and the two escapees made their departure with celerity in her yellow Corvair. This event was the

basis of Count No. 1 of the information — aggravated robbery. It would serve no good purpose to review the evidence as to later events leading to the apprehension of the two dissatisfied and elusive bus passengers.

Prior to entering a plea, and while all four counts were pending, the two defendants, through their court-appointed counsel, joined in a motion for an order of severance of the charges in the information. The basis for the motion was Rule 8(a) and Rule 14, Colo. R. Crim. P. Rule 8(a) provides that two or more offenses may be charged in the same information, in a separate count for each offense, if the offenses charged are based upon the same act or transaction, or on two or more acts or transactions connected together and that they were properly charged in separate counts for each offense.

Rule 14 reads as follows:

"If it appears that a defendant or the prosecution is prejudiced by a joinder of offenses or of defendants in an indictment or information, or by such joinder for trial together, the court *may* order an election or separate trials of counts, grant a severance of defendants, or provide whatever other relief justice requires. * * *." (Emphasis supplied.)

Under this portion of the rule, it is within the discretion of the court to grant or deny a motion for severance. The rule further provides:

"* * * However, upon motion any defendant shall be granted a separate trial *as of right* if the court finds that the prosecution probably will present against a joint defendant evidence, other than reputation or character testimony, which would not be admissible in a separate trial of the moving defendant." (Emphasis supplied.)

Defendants alleged in their motion for severance that each defendant would be prejudiced by a joinder of the offenses charged in the information. They alleged that each would be prejudiced by a joinder with the other,

and both would be prejudiced by such joinder. Further, that the prosecution would present evidence against a joint defendant, other than reputation and character testimony, which would not be admissible in a separate trial of the other defendant.

In this case it was apparent on the face of the information that evidence of a prior conviction was an essential element of the alleged crime of escape after conviction. It must have been apparent at the time of trial that evidence of a prior conviction would be prejudicial to Ruark when applied to the first three counts of the information, which had no relationship to a prior conviction. The court abused its discretion in failing to sever at least Count No. 4 from the first three counts, and in failing to order a separate trial of the charge of escape after conviction. The proof of a prior conviction was an essential element of the charge contained in Count No. 4. Evidence of a prior conviction was not admissible relative to the first three counts unless and until defendant should voluntarily take the stand and afford the prosecution an opportunity to attack his credibility. This he did not do.

Judge Neil Horan, a judge of the Denver district court, was called and did testify as to the conviction of the defendant some three months prior to the date the conduct took place giving rise to the charges here under consideration. His testimony was admissible in the trial of the fourth count; its admission, however, was clearly erroneous and prejudicial to the defendant standing trial at the same time on the three other counts. This points up the error of the trial court in failing to grant defendant's motion for a severance of counts at the opening of the trial.

The controlling rule is clearly stated in *Jaynes v. People*, 44 Colo. 535, 99 Pac. 325:

"The general rule is that evidence is not admissible which shows or tends to show that the accused has committed a crime wholly independent of the offense

for which he is on trial. It is not proper to raise a presumption of guilt on the ground that, having committed one crime, the depravity it exhibits makes it likely he would commit another. The reason for the rule is that no person shall be convicted of an offense by proving that he is guilty of another. Evidence of this character tends to create a prejudice in the minds of the jury against the accused; multiplies the issues, and may confuse and mislead the jury. The general rule should, therefore, be strictly enforced in all cases where applicable. * * *."

Such is the general rule in Colorado, as declared in several Colorado cases. In *Cargill v. People,* 73 Colo. 218, 214 Pac. 387, it is succinctly stated as follows:

"The general rule is that evidence of other independent crimes is not admissible. * * * *Warford v. People,* 43 Colo. 107, 112, 96 Pac. 556; * * *."

In the case of *Stull v. People,* 140 Colo. 278, 344 P.2d 455, the court held:

"A defendant should be tried only for the offense with which he stands charged. *Gill v. People,* 139 Colo. 401, 339 P. (2d) 1000, * * *.

"* * * Basic to our criminal law concepts is the commandment that: 'Thou shalt not convict a person of an offense by proof that he is guilty of another.'"

In the case at bar, the court failed to follow the guidelines prescribed by this court in prior opinions for the admission of evidence such as is referred to here. This failure constituted reversible error relative to Counts numbered 1 and 2 in the information. The error was not cured by submitting a so-called limiting instruction in the general charge to the jury after the close of the evidence.

The evidence in this case reveals a shuddering tale of events suggesting the commission of offenses of grave proportions. The evidence may well have aroused the righteous indignation of the members of the jury and the court. But for unexplained good fortune and

the grace of the Almighty, the result of the violence of the defendant and his comrade could have been atrocious. Grave and violent circumstances, however, enhance the challenge and enlarge the responsibility to the administration of justice and require full consideration of well established principles of law. The introduction of evidence of a prior conviction served only to enlarge upon the gravity of the image presented to the jury and such is not a recognized basis for a violation of a well established rule of evidence. It is difficult indeed to understand the purpose for the injection of questionable evidence suggesting fatality to the prosecution of the case in relation to Counts numbered 1 and 2.

The reasons given requiring reversal of the conviction on Counts numbered 1 and 2 do not and should not reverse the verdict of guilty as to Count No. 4. The evidence erroneously admitted at the trial relative to Counts numbered 1 and 2 was not erroneous as to Count No. 4. It was, in fact, not only proper, but necessary to prove an essential element of the charge. This conclusion becomes crystal clear upon reading C.R.S. '53, 40-7-54, which is the statute under which the charge was brought.

Other arguments advanced by the defendant do not constitute grounds for reversal and therefore will not be commented upon in this opinion. No good purpose would be served by further discussion on each point raised. The record reveals that the jury heard sufficient proof suggesting the evident guilt of the accused. From this record we cannot perceive any resultant prejudicial error attributable to the action of the trial court relative to the verdict as to Count No. 4.

The reversal of the conviction as to one or more counts in an information does not dictate similar action as to all counts unless prejudice is shown. *Mukuri v. People,* 92 Colo. 306, 19 P.2d 1040; *Wilder v. People,*

86 Colo. 35, 278 Pac. 594; *White v. People,* 79 Colo. 261, 245 Pac. 349.

"The general conduct of criminal trials is, in large measure, within the sound discretion of the trial court, and only for a clear abuse thereof should error be recognized." *Grandbouche v. People,* 104 Colo. 175, 89 P.2d 577. "Mere possibility of prejudice is insufficient to warrant a reversal." *O'Loughlin v. People,* 90 Colo. 368, 10 P.2d 543. "The rule is that where the guilt of an accused is evident, improper action upon the part of the prosecuting officer may be overlooked; * * *." *Miller v. People,* 70 Colo. 313, 201 Pac. 41.

The judgment is affirmed as to Count No. 4 and is reversed as to Counts numbered 1 and 2, and the cause remanded to the trial court for further action not inconsistent with the views herein expressed.

MR. JUSTICE MOORE, MR. JUSTICE FRANTZ and MR. JUSTICE MCWILLIAMS concur in part and dissent in part.

MR. JUSTICE MCWILLIAMS concurring in part and dissenting in part:

I concur with that part of the majority opinion which affirms the conviction of the defendant on the charge of escape after conviction. I dissent, however, from that part of the majority opinion which reverses the conviction of the defendant on the two charges of assault with a deadly weapon and aggravated robbery. In other words, I would affirm this case in its entirety.

As I understand it, the majority of this court have now held that the trial court erred and abused its discretion "in failing to sever at least count four from the first three counts, and in failing to order a separate trial on the charge of escape after conviction." In other words, the majority of this court have decreed that the trial court should have tried the charges of assault with a deadly weapon, assault to murder, and aggravated robbery in one proceeding, and then in a separate and

distinct proceeding tried the charge of escape after conviction. In my view there was no necessity for thus making two trials out of one and I find no abuse of discretion on the part of the trial court in failing to so sever the four counts in the one information.

There is no contention that there is any misjoinder of counts, as it is at once obvious that all of the several counts in this information related and pertained to but one continuous and very interrelated transaction. The majority of this court are of the view that evidence as to the defendant's prior conviction was "not admissible relative to the first three counts unless and until defendant should voluntarily take the stand and afford the prosecution an opportunity to attack his credibility." Evidence of this prior conviction being in the eyes of the majority of this court inadmissible, as well as highly prejudicial, the majority then come to the conclusion that the trial court therefore abused its discretion in refusing to sever the first three counts in the information from the fourth count.

I disagree with the basic premise of the majority that this evidence of a prior conviction was under the circumstances inadmissible in connection with the trial of the defendant on the charges of assault to murder, assault with a deadly weapon, and aggravated robbery. On the contrary, in the view I take of it, such evidence was admissible and, if such be the case, then the trial court acted quite properly in denying defendant's motion for separate trials of the several counts of the information.

The general test of admissibility of evidence in a criminal case is does it logically, naturally and by reasonable inference establish or tend to establish any fact material for the People and, if it does, it is admissible regardless of whether it embraces the commission of another crime and whether such other crime be similar in kind, or not, and whether it be part of a single transaction, or not.

The general rule is that in a criminal trial the People need not prove motive. At the same time, however, it is also the general rule that evidence as to the motive for the commission of a crime is nevertheless admissible and the mere fact that such evidence shows that the defendant has committed and indeed been convicted of some other crime does not in and of itself render inadmissible evidence which is otherwise admissible.

The defendant in the instant case had only a relatively short time before he escaped from custody been convicted of a felony and he was then apparently awaiting sentence to the state penitentiary. With this in mind, then, what motive did the defendant have for assaulting the guard and for them commandeering an automobile from a passing motorist at gunpoint? It would appear to me that it might with all propriety be said that it is at once a logical, natural and reasonable inference that the reason the defendant assaulted the guard and committed the crime of aggravated robbery was to avoid being incarcerated in the state penitentiary. This evidence of the prior conviction and the imminent sentence to the state penitentiary was indeed relevant as bearing upon the cause for all of the defendant's subsequent activities, and without this evidence to explain his motivation these other and subsequent events become meaningless. Such evidence then being admissible not only as to the fourth count, but also as to the other counts as well, the trial court did not abuse its discretion in denying defendant's motion to sever the several counts for purposes of trial.

MR. JUSTICE MOORE and MR. JUSTICE FRANTZ have authorized me to state that they join in the foregoing.