■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BYRON BROOKS, Appellant. — Judgment, Supreme Court, Bronx County (J. Cohen, J.), rendered on April 10, 1979, unanimously reversed, on the law, and new trial ordered. Murphy P. J., concurs in a memorandum in which Ross, J., concurs, and Kupferman, J., concurs in a separate memorandum in which Sullivan, J., concurs, all as follows.

Murphy, P. J. (concurring). The arresting officers testified that they had observed defendant Brooks and an associate, Clark, approach three unknown women. Clark would come to a sudden stop to distract the woman and Brooks would attempt to steal her bag. The police officers did not observe any property being taken from those three women. However, defendant Brooks then approached the complainant, Sue Ling. The officers observed Brooks remove a wallet from Ling's pocket and they immediately arrested him. The wallet was later found upon his person. Brooks alone was indicted for stealing Ling's wallet. It was prejudicial error for the trial court to have admitted testimony concerning the fact that Brooks and Clark had apparently jostled three women before Brooks stole Ling's wallet. The testimony as to those three uncharged crimes of jostling may have improperly been considered by the jury in determining Brooks' guilt upon the charged crime (cf. *People v Crosby,* 51 AD2d 902). That testimony was erroneously admitted because it merely tended to show that Brooks had the propensity to commit the crime against Ling *(People v Fiore,* 34 NY2d 81, 84). Moreover, it was most serious error for the trial court to permit the prosecutor to call a police expert to testify about and to demonstrate the *modus operandi* of a two-man pickpocket operation. That testimony and demonstration was highly inflammatory and served no useful purpose at the trial since Brooks had acted alone in taking Ling's wallet *(People v Benoit,* 8 AD2d 626). The trial court's active participation in the demonstration as a pickpocket also lent credence to the prosecution's case and was thus highly improper. Although the record contains overwhelming evi-

dence of Brooks' guilt, a new trial must be ordered because the foregoing errors deprived him of a fair trial *(People v Crimmins,* 36 NY2d 230, 238).

Kupferman, J. (concurring in result). I concur in the result. In view of the overwhelming evidence of guilt, I cannot agree with respect to the various items suggested by this court for reversal, other than my concurrence in the conclusion that the trial court should not have participated actively in the demonstration as a pickpocket.